as to market value are the same as the issue and conditions as to market value in the cited case, and that the record in said case is hereby incorporated herein.

(2) That the appraised values of said merchandise, less any additions made by the importers by reason of the so-called Japanese consumption tax, to meet advances made by the appraiser in similar cases, represent the prices at the time of exportation of such merchandise to the United States, at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, and that there were no higher foreign values at the time of exportation thereof.

(3) That these appeals are abandoned as to all other merchandise, and that these cases are submitted on the foregoing stipulation.

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that for the rayon articles involved such values are the appraised values, less any additions made by the importers by reason of the so-called Japanese consumption tax, to meet advances made by the appraiser in similar cases.

The appeals having been abandoned insofar as they relate to all other merchandise, to that extent the appeals are hereby dismissed. Judgment will be rendered accordingly.

UNIVERSAL FOREIGN SERVICE CO. v. UNITED STATES

No. 5265.—Invoices dated Yokohama, Japan, January 22, 1935, etc.
Entered at Los Angeles, Calif., February 8, 1935, etc.
Entry No. 5495, etc.

(Decided May 19, 1941)

*Philip Stein* for the plaintiff.
*Charles D. Lawrence*, Acting Assistant Attorney General (*Richard H. Welsh*, special attorney), for the defendant.

TILSON, Judge: The appeals to reappraisement listed in schedule A, hereto attached and made a part hereof, have been submitted for decision upon a stipulation to the effect that as to certain items the issue is the same as in *United States* v. *Nippon Dry Goods Co.*, Reap. Dec. 5006; that the appraised values less certain additions correctly represent the export values, and that there were no higher foreign values.

On the agreed facts I find and hold the proper dutiable export values of the rayon wearing apparel and the rayon footwear covered by said appeals to be the values found by the appraiser, less any

amounts added by the importer by reason of the so-called Japanese consumption tax. Judgment will be rendered accordingly.

## UNIVERSAL FOREIGN SERVICE CO. ET AL. v. UNITED STATES

**No. 5266.**—Invoices dated Yokohama, Japan, April 12, 1935, etc.
Entered at Los Angeles, Calif., May 1, 1935, etc.
Entry No. 7742, etc.

(Decided May 19, 1941)

*Lawrence & Tuttle* (*George R. Tuttle* of counsel) for the plaintiffs.
*Charles D. Lawrence,* Acting Assistant Attorney General (*Richard H. Welsh,* special attorney), for the defendant.

TILSON, Judge: The appeals to reappraisement listed in schedule A, hereto attached and made a part hereof, have been submitted for decision upon a stipulation to the effect that as to certain items the issue is the same as in *United States* v. *Nippon Dry Goods Co.,* Reap. Dec. 5006; that the appraised values less certain additions correctly represent the export values, and that there were no higher foreign values.

On the agreed facts, I find and hold the proper dutiable export values of the rayon wearing apparel and the rayon footwear covered by said appeals to be the value found by the appraiser, less any amounts added by the importer by reason of the so-called Japanese consumption tax. Judgment will be rendered accordingly.

## MASSABNI BROS. & SABA v. UNITED STATES

**No. 5267.**—Invoices dated Shanghai, China, April 9, 1936, etc.
Certified April 14, 1936, etc.
Entered at Los Angeles, Calif., May 9, 1936, etc.
Entry No. 9450, etc.

(Decided May 19, 1941)

*Lane & Wallace* (*William Young* of counsel) for the plaintiffs.
*Charles D. Lawrence,* Acting Assistant Attorney General (*Samuel D. Spector,* special attorney), for the defendant.